United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Christine T Deshler  
    Debtor

Case No. 18-17044-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: ChrissyW     Page 1 of 1     Date Rcvd: Feb 25, 2020  
                  Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 27, 2020.  
db         +Christine T Deshler,   1934 Harold Avenue,   Allentown, PA 18104-1550

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 27, 2020                             Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 25, 2020 at the address(es) listed below:

         JAMES RANDOLPH WOOD    on behalf of Creditor    South Whitehall Township Authority  
           jwood@portnoffonline.com,   jwood@ecf.inforuptcy.com  
         MARC   KRANSON     on behalf of Debtor Christine T Deshler marc81047@yahoo.com  
         MARIO J. HANYON     on behalf of Creditor    JPMC Specialty Mortgage LLC paeb@fedphe.com  
         REBECCA ANN SOLARZ     on behalf of Creditor    Wilmington Savings Fund Society, FSB  
          bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ     on behalf of Creditor    Wilmington Savings Fund Society, FSB, et al  
          bkgroup@kmllawgroup.com  
         ROLANDO    RAMOS-CARDONA     on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)  
          ecfmail@readingch13.com  
         SCOTT F. WATERMAN (Chapter 13)     ECFMail@ReadingCh13.com  
         THOMAS YOUNG.HAE SONG     on behalf of Creditor    JPMC Specialty Mortgage LLC paeb@fedphe.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM    MILLER*R     on behalf of Trustee WILLIAM    MILLER*R ecfemail@FredReigleCh13.com,  
          ECF_FRPA@Trustee13.com  
                                                                           TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Christine T. Deshler fka Christine T. Budihas<br>Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, as trustee of Upland Mortgage Loan Trust A<br>Movant<br>vs. | NO. 18-17044 AMC |
| Christine T. Deshler fka Christine T. Budihas<br>Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor is current on post-petition bankruptcy payments to Movant as of January 1, 2020.

2. Beginning with the payment due February 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,039.01 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant is authorized to file a Praecipe to re-list and re-schedule the underlying Motion for Relief, originally filed on       November 19, 2019, for a new hearing date.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

6. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

7. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 9, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 2/12/20

Marc Kranson, Esquire
Attorney for Debtor

Approved by the Court this 25th day of February, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan

Date: 2/12/20

Scott F. Waterman, Esquire
Chapter 13 Trustee